OPINION
On January 1, 1954, appellant, Robert H. Stewart, Jr., and appellee, Ruth Rodd Stewart, were married. In 1994, the parties entered into a legal separation. Appellant agreed to pay appellee $950.00 per month. On February 6, 1998, appellee filed a complaint for divorce. A hearing was held on December 15, 1998. By judgment entry filed same date, the trial court granted the divorce and increased appellant's spousal support obligation to $986.00 per month. The trial court ordered the spousal support shall terminate upon the death or remarriage of appellee. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND VIOLATED APPELLANT'S STATUTORY RIGHTS WHEN IT ORDERED A PAYMENT FROM APPELLANT'S PENSION FOR SUSTENANCE ALIMONY WHICH VIOLATED RC § 3113.21.
 II THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND VIOLATED APPELLANT'S STATUTORY RIGHTS WHEN IT INCREASED THE AWARD OF SUSTENANCE ALIMONY WITHOUT FINDING A CHANGE OF CIRCUMSTANCES WHICH VIOLATED RC § 3105.18(D) AND (E).
 III THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND VIOLATED APPELLANT'S STATUTORY RIGHTS WHEN IT INCREASED APPELLANT'S PAYMENT OF SUSTENANCE ALIMONY WITHOUT FINDING APPELLEE NEEDED SUSTENANCE ALIMONY WHICH VIOLATED RC § 3105.18(C)
 IV THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FAILED TO PROVIDE FOR A CUT-OFF DATE FOR PAYMENT OF SUSTENANCE ALIMONY.
 I
Appellant claims the trial court erred in ordering spousal support of $986.00 to be withheld from his monthly pension disbursal because said amount exceeds sixty percent of his income in violation of R.C.3113.21(D)(1)(a) and the Consumer Credit Protection Act [15 U.S.C. § 1673(b)]. We agree. R.C. 3113.21(D) (1)(a) limits withholding as follows: However, in no case shall the sum of the amount specified in the notice to be withheld and any fee withheld by the payor as a charge for its services exceed the maximum amount permitted under section 303(b) of the `Consumer Credit Protection Act,' 15 U.S.C. § 1573(b).
Subsection (F)(2)(a) describes how withholding is to be calculated if more than sixty percent of income is attached: (a) If the total of the amounts designated in the notices as current support exceeds the amount available for withholding under section 303(b) of the `Consumer Credit Protection Act,' 15 U.S.C. § 1673(b), the payor shall allocate to each notice an amount for current support equal to the amount designated in that notice as current support multiplied by a fraction in which the numerator is the amount of income available for withholding and the denominator is the total amount designated in all of the notices as current support.
Given the plain reading of the statutes, we find appellant is correct in that only sixty percent of his monthly pension benefit can be subject to the QDRO. The remainder of appellant's spousal support obligation must come from appellant's other income i.e., job and funds received from other sources. Assignment of Error I is granted.
 II, III, IV
Appellant challenges the trial court's award of spousal support because it did not reflect a change of circumstance, did not reflect appellee's need for sustenance and did not provide for a termination date. The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We are further guided by the language of Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus: Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
Furthermore, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610. R.C. 3105.18(C)(1) sets forth factors the trial court shall consider in determining spousal support: (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17(1)] of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable.
 CHANGED CIRCUMSTANCES
As pointed out by appellee, the original separation agreement provided for spousal support as follows: Wife shall receive spousal support, in the amount of Nine Hundred and Fifth Dollars ($950.00) per month from the husband's pension and social security until this provision of the legal separation is modified. This provision concerning alimony will not be subject to modification by either party or the court until after the wife has reached the age of 65.
Upon a request of modification of alimony by either party after the wife has reached the age of 65, both parties will be able to seek a modification from the court either increasing or decreasing the alimony to be paid. To determine whether to modify the alimony, the Court is to look to the factors set forth in Ohio Revised Code Section3105.18.
* * *
In making this agreement, both parties are acknowledging that prior to the wife reaching the age of 65, the income of the parties whether from employment, pensions, social security or otherwise may change. And in making this agreement, the wife is waiving her right until she reaches age 65 to seek additional alimony and the husband is waiving his right to seek a reduction in alimony until the wife reaches the age of 65.
Appellee filed for divorce on February 6, 1998. With the complaint for divorce, new financial statements were filed. It is from this filing of divorce that the present spousal support order originated. The parties clearly agreed to a review of the spousal support order at the time of appellant reaching the age of sixty-five. This agreement relieves the trial court from the necessity of finding a change of circumstances. R.C. 3105.18 does not apply under the facts sub judice.
APPELLEE'S NEED OF SUSTENANCE.
Appellee's financial statement establishes expenses of $1,383.00 per month. Appellee's current source of income is $411.00 from social security and $950.00 from appellant's pension fund per the separation agreement, for a total income of $1361.00. The trial court increased the spousal support by $36 per month thereby meeting appellee's needs as set forth in the financial statement. The trial court stated its reasons for doing so as follows: The order of spousal support and modification of same is based upon the enumerated factors set forth in Ohio Revised Code § 3105.18(C). In particular, the Court notes the disparity of income and resources that exist between the parties, the relative earning ability of the parties, the ages and physical condition of the parties, the retirement benefits of the parties, the duration of the marriage, the standard of living that the parties established during marriage and during the legal separation and the relative extend of education of the parties. It is this Court's finding that it would be inequitable due to the 44 year marriage to permit any circumstances other than an attempt to equalize disposable income between the two parties to exist. Upon review, we find the trial court did not abuse its discretion in so finding.
 DURATION
In the original separation agreement, the parties agreed the spousal support would survive appellant's life. The parties terminated a forty-four year marriage. Clearly a long term marriage wherein both parties mutually agreed to continue spousal support as evidenced by the separation agreements meets the strict standards of Kunkle. Assignments of Error III and IV are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J. Wise, P.J. Edwards, J. concur.